IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ALFREDO LABRADOR-RODRIGUEZ (Pro Se),

   Plaintiff

             v.

DEPARTAMENTO DE CORRECCION Y REHABILITACION, et al.,

   Defendant

**Civil No. 09-1352 (SEC)**

## OPINION & ORDER

Plaintiff Alfredo Labrador-Rodriguez ("Plaintiff") has brought the above captioned complaint *pro se* under the Civil Rights Act, 42 U.S.C. § 1983. He asks for monetary damages arising from violations of his civil rights, and due process while in prison. However, it appears from the face of the complaint that Plaintiff's claim is time barred. Accordingly, Plaintiff is **ORDERED** to show cause within **20 days** why the present claim should not be **DISMISSED**.

**Factual and Procedural Background**

The facts of the present case originate in or on August 14, 2007, when Plaintiff was transferred from state prison Institution 1072 to Institution 500 in Guayama, and informed his supervising officer that he takes medicine for his mental condition. See Docket 2-16. While allegedly waiting for seven (7) in the admissions cell, he became unstable because he did not receive his medications, and made several attempts to bring down the door. Id. Although he was finally taken to the medical area, on the next day he received an Administrative Complaint (Code 122) no. 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 related to disciplinary matters. Id. Because of said complaint, Plaintiff received five alleged sanctions: (1) he was prohibited from making purchases in the penitentiary's store, (2) he could not participate in active recreation, (3)

**Civil No. 09-1352 (SEC)**                                                                                                          **Page 2**

he was not allowed visits, (4) he was barred from passive recreation, and (5) prison authorities cancelled 100% of the bonus obtained he had obtained. Id.

These sanctions finished on September 28, 2007, but on October 8, 2007, he was reclassified into Maximum Custody, and then transferred to the Segregation Section. Plaintiff claims that the reclassification, and transfer constitute the sixth, and seventh sanction respectively. Id. Labrador also contends that on October 21 and 22, 2007, he was sprayed with "pepper gas." Id. The next day, Plaintiff alleges that while he was sleeping in Admissions, the prison officers brought in another inmate, Jorge Rivera Cruz, to beat him up. Id. Finally, on November 5, 2007, he was transferred to Ponce Maxima, where he currently is incarcerated.

This Court also notes that over the past decade Plaintiff has filed various other claims of a similar nature to the one at hand. See, e.g., Labrador-Rodriguez v. Laboy-Alvadrado, 01 cv. 1006 (D.P.R. March 13, 2001).

**Standard of Review**

*28 U.S.C. § 1915(e)*

In forma pauperis proceedings are governed by 28 U.S.C. § 1915. One particularity of the statute is that Subsection (e)(2) provides that "the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal-(i) is frivolous or malicious [or]; (ii) fails to state a claim upon which relief may be granted...." 28 U.S.C. § 1915(e)(2); see also Hugues v. Lott, 350 F.3d 1157, 1159-160 (11th Cir. 2003). Accordingly, under 28 U.S.C. § 1915(e) there is basis for dismissal if the claim proffers an indisputably meritless legal theory that lacks a basis in the law. Neitzke v. Williams, 490 U.S. 319, 327 (1989). In such a circumstance the law allows for this Court to dismiss the complaint *sua sponte*. See Meléndez Santana v. Ports Authority, 296 Fed. Appx. 98, 99 (1st Cir. 2008) (affirming a district court's decision which granted defendants' summary judgment and dismissed Plaintiff's Title VII claims *sua sponte* under Fed. R. Civ. P. 12(b)(6)); Chute v. Walker, 281 F.3d 314, 319 (1st Cir.

**Civil No. 09-1352 (SEC)**  **Page 3**

2002) (finding that "*[s]ua sponte* dismissal should be used sparingly, but is appropriate if it is 'crystal clear that the plaintiff cannot prevail and that amending the complaint would futile'").

### Applicable Law and Analysis

*Timeliness of § 1983 claim*

Plaintiff's cliams The statute of limitation for a § 1983 claim in Puerto Rico is one year. 31 P.R. Laws Ann. § 5298(2); see also Rodriguez-Garcia v. Municipality of Caguas, 354 F.3d 91, 97 (1st Cir. 2004); Carreras-Rosa v. Alvez-Cruz, 127 F.3d 172, 174 (1st Cir. 1997). Thus, his claim appears to be time-barred, as the events that Plaintiff relate happened between August and November 2007, and his complaint was filed in this Court on March 30, 2009. Nevertheless, this Court will not at present dismiss Plaintiff's claims as meritless, and will instead grant him 20 days to show cause as to why his claims are not time barred. It should be noted that Plaintiff has not alleged facts that would suggest any right to equitable tolling applies to the present complaint, nor has he demonstrated that he has exhausted available administrative remedies as is required for an action "with respect to prison conditions" pursuant to 42 U.S.C.§ 1997e(a).

### Conclusion

Accordingly, this Court hereby **ORDERS** Plaintiff to **SHOW CAUSE** by **September 8, 2009**, why his claim should not be dismissed on the grounds that it is time-barred and that Plaintiff failed to exhaust administrative remedies.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 14th day of August, 2009.

S/ *Salvador E. Casellas*
SALVADOR E. CASELLAS
United States District Judge